Ms. Rebecca F. Ward, LCSW Chair, Social Work Licensing Board 2020 West 3rd, Ste. 503 P.O. Box 250381 Little Rock, AR 72225
Dear Ms. Ward:
You have requested an opinion concerning the phrase "representing oneself to be a social worker," within the meaning of A.C.A. § 17-103-105(1), which is part of the Social Work Licensing Act.
More specifically, you have asked that I reconsider my Opinion No.2001-016, in which I considered the meaning of that phrase. In Opinion No. 2001-016, I responded to the question of whether a person who is a member of the National Association of Social Workers (NASW), or who serves on the board of the NASW, but who is not licensed by the Social Work Licensing Board, is "representing [himself/herself] to be a social worker," within the meaning of A.C.A. § 17-103-105. I concluded that such a person is not doing so.
In addition to requesting my reconsideration of this conclusion, you have presented the following request:
 In the event the Board's request for reconsideration is improper or denied or you uphold your original opinion as a result of the reconsideration, we request additional information to be sure we are understanding the opinion correctly. . . . It was the intent of the legislation in A.C.A. § 17-103-105(1) to have title protection for the term "social worker," as well as "licensed social worker," "licensed master social worker," and "licensed certified social worker." This board and previous boards have interpreted A.C.A. § 17-103-105 to mean that any individual who represents himself/herself to the public as a social worker when not licensed by this board is in violation of the Act. Please confirm that Opinion 2001-016 does not render the title protection intended for the term "social worker" in A.C.A. § 17-103-105
without effect.
Response
I continue to hold the views expressed in Opinion No. 2001-016. As noted above, I opined therein that membership or board membership in the NASW, without licensure by the Social Work Licensing Board, does not constitute "representing oneself to be a social worker." I noted in the opinion that the Social Work Licensing Act seems to contemplate that the phrase "representing oneself to be a social worker" refers to the act of representing oneself to be a licensed social worker, and I stated my understanding that the Social Work Licensing Board interprets the phrase in that manner. The basis of my opinion was that the organizational documents of NASW indicate that the NASW does not require that a person be a licensed social worker (or even a social worker at all) in order to be a member of the NASW or to serve on the board of the NASW. Because the NASW does not hold itself out to the public as being an organization of licensed social workers, it follows that membership in the NASW or membership on its board, without Board licensure, cannot, as a factual matter, constitute "representing oneself to be a social worker," within the meaning of A.C.A. § 17-103-105, as I understood the Social Work Licensing Board to have interpreted that phrase.
Your request for reconsideration seems to indicate a slightly different interpretation of the phrase by the Board. You seem to be saying that the Board interprets the phrase to mean that it is a violation of the Act for any individual to represent himself/herself as any type of social worker — licensed or unlicensed — if the individual is not licensed by the Board. Although this difference in interpretations is very slight, I acknowledge that in certain factual situations, it could make a difference in outcomes. However, this different interpretation does not change the conclusions stated in Opinion No. 2001-016. As noted in that opinion, the organizational documents of the NASW indicate that members and board members are not required to be engaged in the practice of social work at all in order to be members of the organization, or to serve on its board. For example, students and retirees (who are presumed not to be engaged in the practice of social work) can be members of the organization. Thus, the organization does not hold itself out to the public as an organization whose members are all social workers. Given that specific fact, I must conclude that membership in the NASW, in and of itself (or membership on the board of the NASW, in and of itself), does not constitute an act of representing oneself to the public as being a social worker.
Accordingly, I cannot change the conclusion I reached in Opinion No. 2001-016.
Your alternative request is that I clarify that Opinion No. 2001-016 does not impact the "title protection" for the term "social worker" that was intended by the Social Work Licensing Act.
Although it is not entirely clear what is meant by the term "title protection," I assume that you are using it to refer to the view that a person cannot indiscriminately use the term "social worker" to describe himself/herself if he/she is not a "social worker." In other words, I understand you to be asking for assurance that Opinion No. 2001-016
should not be interpreted to authorize indiscriminate use of the term "social worker" to describe persons who are not "social workers." I can assure you that Opinion No. 2001-016 should not be interpreted in such a manner. That is, Opinion No. 2001-016 does not undermine the view that a person cannot hold himself/herself out to the public as being a "social worker" if he/she is not a "social worker." Rather, Opinion No. 2001-016
simply analyzed one factual situation in which the act in question did not constitute such a use of the term. Opinion No. 2001-016 addressed a particular factual situation: the act of being a member or a board member of an organization that does not hold itself out to the public as an organization whose members are all social workers. Membership in such an organization simply does not constitute representing oneself to be a social worker. However, I readily acknowledge that other factual scenarios involving other descriptive usages of the term "social worker" could certainly lead to a different conclusion. I explicitly acknowledged this fact in Opinion No. 2001-016, when I stated:
 I reiterate that the foregoing discussion is limited to the question of whether membership in the NASW, alone, constitutes" representing oneself to be a social worker." You have not provided any facts as to other representations the individual in question may have made. The question of whether a person is representing himself to be a social worker within the meaning of A.C.A. § 17-103-105 is ultimately a question of fact. I have opined herein only that membership in the NASW does not, alone, constitute" representing oneself to be a social worker" within the meaning of A.C.A. § 17-103-105.
Op. Att'y Gen. No. 2001-016, p. 4.
I must note that the question of whether a particular person is holding himself/herself out as a "social worker" is made more difficult by the fact that the term "social worker" is not defined by the Social Work Licensing Act. Nevertheless, even if the phrase is given its broadest, common-usage definition, each case must still be determined on its own facts. Many of the problems that arise out of the interpretation of the term "social worker" (such as the problems that have given rise to your opinion requests regarding this matter) could be easily avoided by a legislative clarification of the term "social worker."
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh